CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
NOV - 1 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL WILLIAM BRODERICK, ) | Civil Action No. 7:12-cv-00054 | |
| Petitioner, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| HAROLD CLARKE, ) | By: Hon. Jackson L. Kiser | |
| Respondent. ) | Senior United States District Judge | |

Michael William Broderick, a Virginia prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to challenge judgments entered by one judge at one time for the Circuit Court of Roanoke City, the Circuit Court of Roanoke County, and the Circuit Court of the City of Salem. The court conditionally filed the petition; directed the Clerk to open three separate civil actions, each with the same petition challenging a single Circuit Court's judgment, pursuant to Rule 2(e) of the Rules Governing § 2254 Cases; and directed respondent to respond to the petition filed in this action.[1] Respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I dismiss the petition as time barred.

## I.

On July 14, 2009, the Circuit Court of Roanoke County sentenced petitioner to a six-year active sentence after petitioner pleaded guilty to statutory burglary and grand larceny. Petitioner appealed to the Court of Appeals of Virginia, which denied the appeal on March 4, 2010. Petitioner did not appeal to the Supreme Court of Virginia.

On September 8, 2011, petitioner filed a habeas corpus petition with the Supreme Court of Virginia, which dismissed the petition on January 17, 2012. Petitioner filed the instant federal

---

[1] This action concerns the judgment entered by the Circuit Court of Roanoke County.

habeas petition on January 24, 2012. See R. Gov. § 2254 Cases 3(d) (describing the prison-mailbox rule).

## II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1).[2] Generally, this period begins to run from the date on which the judgment of conviction becomes final.[3] 28 U.S.C. § 2244(d)(1)(A). A conviction becomes final once the availability of direct review is exhausted. United States v. Clay, 537 U.S. 522, 524 (2003). The one-year filing period is tolled while a convict's "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). See Wall v. Kholi, __ U.S. __, 131 S. Ct. 1278, 1288-89 (2011) (discussing proceedings that qualify as collateral review).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). Petitioner's conviction became final on April 5, 2010, when the time expired for petitioner to note an appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia. See Va. Sup. Ct. R. 5:14(a) (stating an appeal from the Court of Appeals is allowed only if the appellant files a notice of appeal within thirty days of the final judgment). Petitioner filed his state habeas petition on

---

[2] The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

[3] Petitioner did not argue timeliness under subsections (B) through (D).

2

September 8, 2011, 520 days after his conviction became final. Accordingly, the one-year limitations period already expired by the time petitioner filed his state habeas petition, and thus, statutory tolling is not permitted. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000) (recognizing that a state habeas petition cannot revive a federal limitations period that already expired).

Equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (internal quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010). Mere lack of knowledge about legal process or the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330. Furthermore, I do not find any extraordinary circumstance in this record that prevented petitioner from filing a timely petition. See, e.g., United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (holding pro se status and ignorance of the law does not justify equitable tolling); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy or pro se status does not toll limitations period). Accordingly, I find that petitioner filed this federal habeas petition beyond the one-year limitations period, petitioner is not entitled to tolling, and the petition must be dismissed.

3

## III.

For the foregoing reasons, I grant respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus. Based upon my finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

**ENTER**: This 1st day of November, 2012.

Senior United States District Judge